## J. DAUGHERTY *v.* THE STATE.

1. CHANGE OF VENUE. — Though the application and affidavits for a change of venue be in strict compliance with the provisions of the Code, it does not follow that an order therefor must be made. The Code provides that the "truth and sufficiency" of the alleged causes shall be determined by the court.

2. SAME — PRACTICE IN THIS COURT. — Heretofore, under the law prior to the Revised Codes, this court established the rule that the refusal of a change of venue was subject to revision on appeal, but would not be disturbed unless it was shown that the discretion of the court below had been abused to the prejudice of the legal rights of the defendant. How this rule may be affected by the provisions of the Revised Code of Criminal Procedure on the subject is a question not involved in the present case.

APPEAL from the District Court of Kaufman. Tried below before the Hon. G. J. CLARK.

The trial and conviction were for theft of a horse, and the punishment assessed was five years in the penitentiary.

*J. T. Ward*, *Z. T. Adams*, and *H. P. Teague*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, and *Thomas W. Dodd*, for the State.

WINKLER, J.   Before the trial on the merits, the defendant moved the court to grant him a change of venue, on the ground that there existed in Kaufman County so great a prejudice against him that he could not obtain a fair and impartial trial; to which motion he made his affidavit, and supported it by the affidavit of three resident citizens of the county.

The court overruled the motion, and refused to order a change of venue; and to the ruling the defendant took a bill of exceptions, in which it is shown that a similar motion had been made in another case of a similar character, which had on the previous day of the court been contested, and by the court overruled; and the motion, as the court understood the counsel in the present case, was submitted to the court on the affidavits and proofs made in the case decided on the previous day. As to how the matter was, the counsel seem not to be agreed. In this state of affairs, the understanding of the court must prevail. In the bill of exceptions the testimony taken on the former motion, and all the papers, are set out, and from an examination of them we are of opinion there was no error in the ruling of the court on the motion.

Agreeably to the article of the Code of Criminal Procedure on the subject (art. 578), which provides for a change of venue on the application of the defendant, and supporting affidavits of others, it will be found that a change of venue does not necessarily follow the filing of the affidavits, though they be found to be in compliance with the requirements of the statute, but that the court shall determine the truth and sufficiency thereof; the language of the Code is, "the truth and sufficiency of which the court shall determine."

In most of the States the application for a change of venue is addressed to the judicial discretion, and the matter is not deemed one pertaining to strict right (1 Bishop's Cr. Proc., sect. 72), and whether the action will be revised or not depends upon the statutes of the different States. With us the following rule was adopted by this court in *Noland* v. *The State*, 3 Texas Ct. App. 598 : "Applications of this character must of necessity be confided, under the law, to the discretion of the judge who presides at the trial ; and unless it should be made to appear that this discretion had been abused, or arbitrarily exercised, and to the prejudice of the accused, or so as to deprive him of some legal right, this court would not be warranted in interfering with his action. Still, such action is subject to revision on appeal." What effect recent legislation may have upon this question it is not necessary in this case to determine. Rev. Code Cr. Proc., art. 583. In the present case we fail to discover that the discretion confided in the judge has been abused in any material respect.

As to the application for a continuance, when we consider the materiality of the testimony, and the diligence used to obtain the missing testimony, in connection with the testimony adduced on the trial, and the other fact that some of the alleged absent witnesses testified at the trial, we are of opinion it was properly overruled. It is not material to notice any of the other errors complained of, further than to say they do not appear to be well taken. Finding no material error in the judgment, it is affirmed.

*Affirmed.*